IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | 6-16-CV-0014  RP |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the Court are the Petition For a Writ of Habeas Corpus by a Person in State Custody (Clerk's Dkt. #1) and Petitioner's supplements and amendments to his Petition (Clerk's Dkt. #5, 7, 9-14). For the reasons set forth below, the Court finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for want of jurisdiction. Alternatively, Petitioner's application should be dismissed with prejudice as time-barred.

### I. BACKGROUND

**A.    Procedural History**

By way of his petition, Petitioner Herman Lee Kindred states he is challenging a judgment and sentence of the 27th Judicial District Court of Bell County, Texas in cause number 37,588. According to the petition and attachments thereto, Petitioner was convicted of bail jumping and was sentenced to twenty years in prison on May 31, 1989. Petitioner indicates his conviction and sentence were affirmed on March 8, 1990. Petitioner alleges this conviction was used to enhance his sentence in cause number 13-5-9030 out of the 24th Judicial District Court in Jackson County, Texas.

Petitioner challenged his Bell County conviction in four state applications for habeas corpus relief. The Texas Court of Criminal Appeals denied the first application without written order on

the findings of the trial court without a hearing on November 28, 2007.  *Ex parte Kindred*, Appl. No. 33,972-03. The Texas Court of Criminal Appeals dismissed the second and third applications as successive on March 12, 2014, and October 14, 2015, respectively.  *Ex parte Kindred*, Appl. No. 33,972-06 and -20.  The Texas Court of Criminal Appeals dismissed the fourth application on January 13, 2016, because Petitioner had already discharged his sentence.  *Ex parte Kindred*, Appl. No. 33,972-29.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He received ineffective assistance of trial counsel.
2. His indictment was void.
3. The evidence is legally and factually insufficient to support his conviction.
4. He wanted to be sentenced by the jury.
5. He received ineffective assistance of appellate counsel.

## II.  DISCUSSION

The Supreme Court held in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 396-97 (2001), that a prisoner attacking a current sentence as having been improperly enhanced may not collaterally attack a prior conviction no longer subject to appeal or collateral review for which the petitioner is no longer serving a sentence that was subsequently used to enhance his current sentence unless the earlier conviction is challenged as having been obtained when the petitioner was denied the assistance of counsel, i.e., premised upon a violation of the rule announced in *Gideon v. Wainwright*.  Petitioner does not allege his 1989 conviction and sentence for bail jumping was un-counseled.  On the contrary, Petitioner argues his trial counsel rendered ineffective assistance of counsel. Therefore, Petitioner's belated challenge to his 1989 conviction may not

form the basis for a collateral attack upon his current, enhanced, conviction out of Jackson County. Accordingly, Petitioner's application is dismissed without prejudice for want of jurisdiction.

Alternatively, to the extent Petitioner challenges his Bell County conviction in cause number 37,588 his claims are dismissed with prejudice as time-barred. "The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). A criminal conviction is "final" for purposes of the AEDPA's one-year limitations period when the defendant has exhausted his state appeals and either (1) the time for requesting a petition for certiorari review has passed or (2) the Supreme Court has affirmatively denied such a petition. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Paredes v. Quarterman*, 574 F.3d 281, 287 (5th Cir. 2009), *cert. denied*, 562 U.S. 1203 (2011). But the AEDPA and its one-year limitation period did not become effective until when the AEDPA was signed into law on April 24, 1996. *United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). The Fifth Circuit allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998) (clarifying that one-year grace period extends filing date to April 24, 1997).

Petitioner's conviction became final, at the latest, on April 7, 1990, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Petitioner's conviction became final prior to the enactment of the AEDPA. Therefore, Petitioner had a one-year grace period in which to timely file his federal application. The one-year grace period expired on April 24, 1997. Petitioner did not execute his federal application for habeas corpus relief

until January 14, 2016, nearly 19 years after the one-year grace period had expired. Petitioner's state applications did not operate to toll the limitations period, because they were filed long after the grace period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the grace period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  CONCLUSION

Petitioner's application is dismissed without prejudice for want of jurisdiction. Alternatively, Petitioner's claims challenging his Bell County conviction in cause number 37,588 are dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. Alternatively, Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is hereby **DENIED**.

**SIGNED** on April 1, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE